**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

PHILLIP JEROME ROBINSON,

Plaintiff,

v. Case No. 3:26-cv-1790-WWB-PDB

BRANDI, et al.,

Defendants.

---

## ORDER

Plaintiff Phillip Jerome Robinson, a detainee at the Jacksonville Pretrial Detention Facility, initiated this action by filing a pro se Civil Rights Complaint (Doc. 1) and a Motion to Proceed *In Forma Pauperis* (Doc. 3). Plaintiff alleges that shortly after his arrival at the facility, a spider bit his "upper right thigh[]." (Doc. 1 at 5). On June 10, 2026, a "wound care" nurse gave Plaintiff three packets of "triple antibiotic ointment" and five bandages. (*Id.*). Over the next eight days, Plaintiff put in additional "sick call[s]," but he was "never given the real health care services." (*Id.*). During a June 17 sick call, a nurse told Plaintiff that, according to the "computer," he had been "seen" two days earlier. (*Id.* at 6). In fact, Plaintiff had not seen a nurse that day. (*Id.*). Based on these allegations, Plaintiff sues the "JSO Detention Center," "Brandi AHSA," Lisa Riggs, and Rogers.[1] (*Id.* at 3–4). As relief, Plaintiff seeks $2 million in "compensation." (*Id.* at 7–8).

---

[1] Plaintiff does not name the nurses who saw him during the sick calls. (Doc. 1 at 5–6). Nor does he explain how "Brandi AHSA," Lisa Riggs, or Rogers were involved in his medical care. (*Id.*).

The Prison Litigation Reform Act ("**PLRA**") requires the Court to dismiss a complaint that is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915(e)(2)(B)(i)–(ii), 1915A(b)(1). The PLRA's "failure to state a claim" language mirrors the language of Federal Rule of Civil Procedure 12(b)(6). *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997); *see also Alba v. Montford*, 517 F.3d 1249, 1252 (11th Cir. 2008). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In other words, a complaint must "contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." *Roe v. Aware Woman Ctr. for Choice, Inc.*, 253 F.3d 678, 683 (11th Cir. 2001) (quoting *In re Plywood Antitrust Litig.*, 655 F.2d 627, 641 (5th Cir. Unit A Sept. 8, 1981)). "Labels and conclusions" or "a formulaic recitation of the elements of a cause of action" that amount to "naked assertions" will not suffice. *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). In reviewing a complaint, a court must accept the plaintiff's allegations as true, liberally construing those by a plaintiff proceeding pro se, but need not accept as true legal conclusions. *Id.*

Plaintiff's Complaint is subject to dismissal because it does not "state a claim to relief that is plausible on its face." *See id.* As an initial matter, Plaintiff fails to plead that any of the individual Defendants participated in the allegedly unlawful conduct. Section 1983 "requires proof of an affirmative causal connection between the official's acts or omissions and the alleged constitutional deprivation." *Zatler v. Wainwright*, 802 F.2d 397,

401 (11th Cir. 1986). Such a "causal connection" may be established by showing that "the official was personally involved in the acts that resulted in the constitutional deprivation." *Id.* This means that "a plaintiff must plead that each Government-official defendant, *through the official's own individual actions*, has violated the Constitution." *Iqbal*, 556 U.S. at 676 (emphasis added). Plaintiff alleges no facts connecting the individual Defendants—"Brandi AHSA," Riggs, and Rogers—to the alleged denial of adequate medical care. Indeed, the Complaint contains no allegations whatsoever about their conduct. Thus, Plaintiff fails to state a claim against the individual Defendants. *See, e.g.*, *Douglas v. Yates*, 535 F.3d 1316, 1322 (11th Cir. 2008) ("While we do not require technical niceties in pleading, we must demand that the complaint state with some minimal particularity how overt acts of the defendant caused a legal wrong." (citing *Pamel Corp. v. P.R. Highway Auth.*, 621 F.2d 33, 36 (1st Cir. 1980))).

Nor can Plaintiff proceed against "JSO Detention Center." Whether a party has the capacity to be sued is determined by the law of the state in which the district court sits. *Dean v. Barber*, 951 F.2d 1210, 1214–15 (11th Cir. 1992) (stating that certain subdivisions of local or county governments, such as sheriff's departments and police departments, generally are not legal entities subject to suit). In Florida, jail facilities are not amenable to suit under § 1983. *See Monroe v. Jail*, No. 2:15-cv-729, 2015 WL 7777521, at *2 (M.D. Fla. Dec. 3, 2015) ("The jail is not an actionable legal entity because it does not enjoy a separate legal existence independent of the County or the Sheriff's Office." (citation omitted)). Because the Jacksonville Pretrial Detention Facility is not a legal entity amenable to suit, Plaintiff fails to state a claim against it. *See Stephens v. UF Health of Jacksonville*, No. 3:24-cv-397, 2024 WL 4109364, at *2 (M.D. Fla. Sept. 6, 2024)

(dismissing claim against "the Duval County Jail" because "Florida law has not established jails as entities amenable to suit under § 1983").

Even apart from these deficiencies, Plaintiff's Complaint must be dismissed because he fails to state a plausible claim for deliberate indifference to serious medical needs. To plead such a claim, a plaintiff must allege facts showing "(1) that he had an objectively serious medical need, (2) that [the defendant] acted with subjective deliberate indifference to [that] serious medical need, and (3) that he suffered an injury . . . caused by [the defendant's] wrongful conduct." *Patel v. Lanier Cnty.*, 969 F.3d 1173, 1188 (11th Cir. 2020). "A serious medical need is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Taylor v. Hughes*, 920 F.3d 729, 733 (11th Cir. 2019). To establish deliberate indifference, a plaintiff "must show that the defendant was actually, subjectively aware that his own conduct caused a substantial risk of serious harm to the plaintiff." *Wade v. McDade*, 106 F.4th 1251, 1262 (11th Cir. 2024). "Mere negligence or medical malpractice is not sufficient." *Mandel v. Doe*, 888 F.2d 783, 787–88 (11th Cir. 1989).

Plaintiff's allegations do not satisfy the stringent deliberate-indifference standard. Plaintiff does not plead a "complete denial" of medical care for his spider bite. *Bingham v. Thomas*, 654 F.3d 1171, 1176 (11th Cir. 2011). To the contrary, he alleges that a "wound care" nurse gave him three packets of "triple antibiotic ointment" and five bandages. (Doc. 1 at 5). Rather than alleging a complete denial of care, Plaintiff vaguely asserts that he was "never given the real health care services." (*Id.*). But "a simple difference in medical opinion between the prison's medical staff and the inmate as to the

latter's diagnosis or course of treatment" is insufficient to state a constitutional violation. *Harris v. Thigpen*, 941 F.2d 1495, 1505 (11th Cir. 1991). Indeed, "the question of whether governmental actors should have employed additional diagnostic techniques or forms of treatment is a classic example of a matter for medical judgment and therefore not an appropriate basis for grounding liability." *Adams v. Poag*, 61 F.3d 1537, 1545 (11th Cir. 1995). Moreover, Plaintiff does not plead any facts showing that the failure to provide additional treatment "caused further injury or worsened his condition." *Hinson v. Bias*, 927 F.3d 1103, 1122–23 (11th Cir. 2019). Nor does he describe the additional treatment that he believes he should have received. Simply put, Plaintiff's allegations are not cognizable because they "amount to nothing more than a difference in opinion over the appropriate course of treatment." *Massey v. Montgomery Cnty. Det. Facility*, 646 F. App'x 777, 781 (11th Cir. 2016).

Accordingly, it is **ORDERED** and **ADJUDGED** as follows:

1. This case is **DISMISSED without prejudice**.
2. The Clerk shall enter judgment dismissing this case without prejudice, terminate any pending motions as moot, and close the file.

**DONE AND ORDERED** in Jacksonville, Florida, on August 17, 2026.

WENDY W. BERGER
UNITED STATES DISTRICT JUDGE

TpaP-2
c:
Phillip Jerome Robinson